UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Orlando Riley, #311527 | ) C/A No.: 3:10-2466-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Judge John C. Hayes, III;<br>Richard C. R. Cathcart;<br>Margeret Fent;<br>City of Columbia Police Department;<br>S.C. Department of Corrections;<br>Paul Mead;<br>Mitch Wilkerson, | )<br>)<br>)<br>) Report and Recommendation<br>)<br>) |
| Defendants. | ) |

The Plaintiff, Jason Orlando Riley (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a judge, state agency, local governmental entity, police investigators, and prosecutors as defendants.[2]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

§ 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

## Background

Plaintiff indicates that he was convicted of "Robbery/Homicide" on September 24, 2005, and sentenced to "Life to 30 years by Judge John C. Hayes." *See* Complaint, page 3. Plaintiff complains that Defendant Hayes "knowingly allowed perjurers to be used as evidence," "struck at least (7) seven key witnesses, preventing them from testifying," "sustained an objection from State attorneys that was crucial to [Plaintiff's] innocense," and "decided, unconstitutionally, to allow a jury to convict [Plaintiff.]" *Id.* at 3-4.

2

Plaintiff names Defendants Richard Cathcart and Margeret Fent as the attorneys who prosecuted Plaintiff's criminal case for the State of South Carolina. *Id.* at 4. Plaintiff alleges that these two Defendants suborned perjured testimony from witnesses, "then offered the perjurers plea deals to change their statements." *Id.* Plaintiff further alleges that Defendants Cathcart and Fent withheld "Rule #5 discovery materials" and "suppressed the evidence." *Id.* at 4-5.

Defendants Paul Mead and Mitch Wilkerson are not listed in the complaint's caption or "parties" section. However, as these two defendants, both police investigators who worked on Plaintiff's criminal case, are listed in the complaint's "statement of claim" and "relief" sections, they have been added to the Court's docket as Defendants in this case. Plaintiff provides almost no facts regarding these two Defendants in the complaint, but apparently believes that they conspired with the Judge and prosecutors to falsely convict the Plaintiff. *Id.* at 7. It is unclear why Plaintiff names the South Carolina Department of Corrections (SCDC) as a Defendant in the complaint. Although Plaintiff fails to clearly state how the City of Columbia Police Department is involved in this case, it is likely that Plaintiff names this municipal entity as the employer of Defendants Mead and Wilkerson.

Plaintiff seeks release from incarceration and monetary damages.[3] Plaintiff also asks the Court to impose criminal charges against the Defendants.[4]

---

[3] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254. To the extent Plaintiff seeks release from custody, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

[4] Plaintiff cannot have this Court prosecute criminal charges against the Defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973). Further,

3

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the complaint names several Defendants who are immune from Plaintiff's claim for damages under § 1983. First, South Carolina's courts, to include the Courts of General Sessions, are in a unified judicial system. *See* S.C. CONST. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."). As South Carolina State Court Judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages

---

prosecutorial discretion does not reside in the judicial branch; the decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Plaintiff's claims against Defendant Hayes arise from this Defendant's actions as the trial judge in Plaintiff's criminal proceedings. As such Defendant Hayes is absolutely immune from Plaintiff's claim for damages, and is entitled to summary dismissal from this case.

Further, in South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976). Solicitors are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, - - - U.S. - - - -, 129 S.Ct. 855, 861 (2009)("we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence")(citations omitted)). *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Imbler v. Pachtman,* 424 U.S. 409 (1976); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Plaintiff sues Defendants Cathcart and Fent for actions taken during the prosecution of Plaintiff's criminal case. As these Defendants have absolute immunity insofar as their prosecutorial actions are concerned, Plaintiff's claims against them are barred from suit under § 1983. Therefore, Defendants Cathcart and Fent should also be dismissed from the instant action.

Next, Plaintiff names the South Carolina Department of Corrections (SCDC). However, the Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this

5

language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court, in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. State agencies, such as Defendant SCDC, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).[5] As SCDC is protected by Eleventh Amendment immunity, this Defendant is also entitled to summary dismissal from this case.

The remaining Defendants in Plaintiff's complaint, the City of Columbia Police Department, Paul Mead, and Mitch Wilkerson, would be amenable to suit under § 1983, if Plaintiff provided sufficient factual allegations to impose liability against them. Plaintiff discusses statements made by his co-conspirators to "investigators Paul Mead and Mitch Wilkerson on sworn affidavits." *See* Complaint, page 3. Plaintiff also states that "Columbia Police Department's investigators Paul Mead and Mitch Wilkerson obtained a sworn statement from [an] eyewitness." *Id.* While Plaintiff clearly believes that Defendants Mead and Wilkerson acted improperly while investigating Plaintiff's criminal case, the complaint fails to allege facts to demonstrate any wrongdoing on the part of these Defendants. Although the Court must liberally construe *pro se* complaints, a plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th

---

[5] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S. C. Code Ann. § 15-78-20(e)(statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) ("[C]omplaint failed to contain any factual allegations tending to support [prisoner's] bare assertion that he was deprived by prison policy of meaningful access to the courts."). Further, while a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *See Ashcroft v. Iqbal*, ---U.S. ----,129 S.Ct. 1937, 1949 (2009); *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). As Plaintiff's general allegations are insufficient to state a cognizable § 1983 claim against Defendants Mead, Wilkerson, or the City of Columbia Police Department, the instant case is subject to summary dismissal . 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>Recommendation</u>

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

> Joseph R. McCrorey
> United States Magistrate Judge

October 18, 2010
Columbia, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

7

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).