IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Orlando Riley, ) | C/A No.: 3:10-2466-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| ) | |
| Judge John C. Hayes III; Richard C.R. ) | |
| Cathcart; Margaret Fent; City of Columbia ) | |
| Police Department; S.C. Department of ) | |
| Corrections; Paul Mead; and Mitch Wilkerson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Jason Orlando Riley, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the South Carolina Department of Corrections. Plaintiff's allegations relate to his conviction in 2005 when he was sentenced to "life to 30 years" for "robbery/homicide." He contends that the defendants violated his constitutional rights by allowing perjury in his state criminal trial. He also claims false arrest, illegal search and seizure of his property, and violations of his due process. He seeks monetary damages and release from incarceration, as well as the imposition of criminal charges against the defendants.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with

1

Recommendation wherein he suggests that the court should dismiss this action for a variety of reasons, including failure to state a claim and immunity from suit. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation and the plaintiff filed timely objections to the Report. Thus, it appears this matter is ripe for resolution.

The Magistrate Judge properly suggests that defendant Hayes, a South Carolina trial judge who presided over the plaintiff's criminal case, is absolutely immune from plaintiff's claims for damages and is entitled to summary dismissal. *Mireless v. Waco*, 502 U.S. 9 (1991). Defendants Cathcart and Fent also have absolute immunity for their prosecutorial actions involving the plaintiff's criminal trial and should be dismissed as well. *Van de Kamp v. Goldstein* 555 U.S. 335 (2009). Finally, defendant South Carolina Department of Corrections (SCDC) has not consented to suit in this court and is protected by the Eleventh Amendment and should be summarily dismissed from this action. *Regents of the Univ. of Ca. v. Doe*, 519 U.S. 425, 429 (1997).

The Magistrate Judge suggests that defendants City of Columbia Police Department, Paul Mead, and Mitch Wilkerson (investigators) would be amenable to suit under § 1983, however, the plaintiff has failed to allege facts to demonstrate any wrongdoing on the part of

---

instructions. 28 U.S.C. § 636(b)(1).

these defendants. The plaintiff's general allegations as to these defendants are not sufficient to state a cognizable claim under § 1983 and should be summarily dismissed as well.

In his objections to the Report, the plaintiff concedes that defendants Hayes, Fent, and Cathcart have absolute immunity, but argues that they do not have criminal immunity. He concurs with the Magistrate Judge's conclusion that the SCDC has Eleventh Amendment immunity and that his challenges to his confinement must be sought through a petition for a writ of habeas corpus.

The plaintiff indicates in his objections that his "intentions are to file federal criminal charges under 18 U.S.C. § 242 and 241 on said government officials, while simultaneously filing civil suits against Mitch Wilkerson, Paul Mead, and the City of Columbia Police Department under 42 U.S.C. § 1983, exclusively." The plaintiff also remarks, "If this court is not the proper venue for filing criminal conspiracy charges against Defendants Judge John C. Hayes, Richard Cathcart, Margaret Fent, Paul Mead, and Mitch Wilkerson, could this request be forwarded to the correct establishment?"

Attached to his objection memorandum is a pleading styled "Amendment to Application 42 U.S.C. § 1983" wherein he seeks to amend his original complaint as it relates back to the original date of filing. The amendment consists of four conclusory paragraphs relating to alleged events surrounding his arrest and confinement, including references to eyewitness mugshots and perjury from co-conspirators resulting in plaintiff's false arrest. The plaintiff's request to amend his complaint is unavailing because the proposed amended

3

paragraphs doe not cure any of the deficiencies identified in the Report and Recommendation.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 21, 2011
Columbia, South Carolina

4